*33 OPINION.
Black :
In accordance with the stipulation, we hold that the tax liability of Mrs. Lena Brown for 1920 in Docket No. 16808 is $5,174.13, and that of W. E. Brown for 1920 in Docket No. 16810 is $5,774.13.
The deficiency notices attached to each of the petitions in the above dockets show a total asserted tax liability against each of the petitioners of $16,121.92, with $2,803.60 theretofore assessed and paid in each case, leaving a deficiency claimed against each petitioner in said dockets of $13,318.32. The stipulation, which has been agreed upon, will materially reduce the amount of each deficiency, and therefore the deficiences, if any, in Docket Nos. 16808 and 16810 will be recomputed in accordance with the stipulation which has been filed herein. This leaves for our consideration the issues raised by *34 the pleadings and not settled by stipulation in Docket Nos. 16807, 16809, and 24216, as follows:
(1) Petitioners contend that the instrument of settlement marked Exhibit D at the hearing, which has been set out in detail in our findings of fact, did not pass any title from petitioners to Heinz covering petitioners’ interest in any oil under said property whatever, but said Pleinz acquired, so far as petitioners were concerned, only the right to reduce that interest in the oil under the land to possession and under the terms of the agreement was to pay to petitioners and their coheirs the pro rata share of each in the proceeds of such oil as and when produced, to the extent stipulated in the agreement, and accordingly the proceeds from such oil constituted income subject to depletion claimed.
(2) The respondent contends that not only should no depletion be allowed as to these two items of income accruing under the agreement to Mrs. Lena Brown and Mrs. Hazel McDonald, but that the income in question was derived from the separate estates of the wives and therefore did not constitute community property, and should have been reported as income solely by the wives, and that therefore the deficiencies claimed against Mrs. Lena Brown and Mrs. Hazel McDonald should be increased and the deficiency claimed against W. E. Brown decreased.
It should be explained at this point that although Mrs. Hazel McDonald, one of the petitioners herein, did not sign the instrument of conveyance set out in our findings of fact and her name does not appear therein, nevertheless, she had an interest in the oil royalties conveyed by said instrument, the same as the other children of George T. Shaw. Her interest had been previous^ conveyed, while she was a minor, to her sister, Lessie Yada Gandy, for purposes of convenience, it being difficult and inconvenient to get the approval of the court every time an oil lease was negotiated. Her beneficial interest in the property as one of the children of George T. Shaw and wife, deceased, as between the parties, was in no wise diminished by the prior convej^ance of her interest to Lessie Yada Gandy. On this point there was no contest.
As to petitioners’ contention that the instrument of conveyance was not a sale of oil in place, but merely a grant of the right to Heinz to go upon the premises and extract oil from beneath the surface of the earth and remove it therefrom and therefore petitioners were the owners of the oil until it was extracted from the ground and have the right to deduct depletion from the amounts which they received under the agreement, it is sufficient to say that this contention has been passed'upon adversely to the contention now *35 made by petitioners in numerous decisions by the Board and the courts. Some of these cases are: L. T. Waller, 16 B. T. A. 574; affd., 40 Fed. (2d) 892; S. L. Herold, 17 B. T. A. 933; affd., 42 Fed. (2d) 932; Mrs. J. C. Pugh, Sr., Executrix, 17 B. T. A. 429; affd., 49 Fed. (2d) 76. In the latter case, after setting out in the opinion the material parts of the instrument of conveyance, in affirming the Board’s decision, the court said:
* * * We construe this to be a conveyance, operative from its date, of a half interest in the royalty right for a total consideration of $250,000.00, $50,000.00 being paid in cash, and a special arrangement being made for the payment of the remainder. The arrangement did not involve Eastham in personal liability, but appropriated the proceeds of his royalty oil to the payment until the $200,000.00 should be paid. It is specially referred to as the half belonging to said. JSasthmi. As the oil was produced, that due to this half of the royalty right was Eastham’s oil. The risk of market price was his. When the proceeds were paid over to Pugh they were paid not because the oil was Pugh’s but because it was pledged to Pugh. The money went to discharge the price due on Eastham’s purchase, and to pay for the right which he had bought “ operative from August 1st, 1919.” After that date it was Eastham’s royalty right which was being depleted by the removal of oil, and he, and not-Pugh, was entitled to the depletion allowance, although Pugh was to get and did get the proceeds of the oil when sold. The same principle was applied in Waller v. Commissioner, 40 Fed. (2d) 892, and Herold v. Commissioner, 42 Fed. (2d) 942, in which a lease interest was transferred instead of a royalty. Our decision in United States v. Looney, 29 Fed. (2d) 884, is cited as to the contrary, but that case did not directly involve any question of depletion. The question was to whom certain royalties belonged as income. Nor did it really involve any sale of a royalty, for the parties were claiming under adverse titles, and made a compromise agreement which effected a division of the disputed royalty.
The instrument of conveyance involved in the instant case is substantially the same as that which was involved in Mrs. J. G. Pugh, Sr., Executrix, supra. Following the above cited authorities, we hold that the respondent did not err in refusing to allow depletion deductions from the $55,526.32 received by Mrs. Lena Brown in 1921 from the sale of mineral rights, and from the $56,491.23 received by Mrs. Hazel McDonald in 1921 from the sale of mineral rights.
We now take up respondent’s contention that the above stated amounts received by petitioners, Mrs. Lena Brown and Mrs. Hazel McDonald, in 1921 were from the sale of their separate property and the amounts were therefore separate income and that petitioners erred in returning these amounts on their income-tax returns as community income, and that the deficiencies should be recomputed on the basis that such income was the separate income of Mrs. Lena Brown and Mrs. Hazel McDonald and not the community income of *36 themselves and husbands. This contention of respondent must be sustained. The same question was recently before the U. S. Circuit Court of Appeals for the Fifth Circuit in the case of Lucas v. Baucum, 50 Fed. (2d) 806, and the court there held that where land inherited by a wife in Louisiana was administered by her husband, who in 1921 negotiated oil leases and sold part of the retained royalty interest, profit from such sale is separate property of the wife, and not community income, pursuant to Louisana statutes. The court said: “We think it perfectly plain that upon no reasonable theory can a sale, as here, by the wife of a part of her mineral interests operate to convert separate into community property.”
Following the above quoted authority, we sustain respondent on this issue.

Decision will be entered u/nder Rule SO.